IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICKY ALEXANDER                                                    Plaintiff

v.                              4:07CV00107 SWW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                           Defendant

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

**MEMORANDUM AND ORDER**

Plaintiff, Ricky Alexander, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for

decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was unable to do the kind of work that he normally performed because of grand mal seizures, high blood pressure and a deteriorating disc. (Tr. 82, 91) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 28, 2006, the date of his decision. (Tr. 20) On February 10, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 40 years old at the time of the hearing. (Tr. 227) He has a General Equivalency Diploma. Id. He has past relevant work as a maintenance mechanic, chauffeur, short order cook, fast food cook, taxi driver and inventory clerk. (Tr. 19, 251-52)

The ALJ considered Plaintiff's impairments by way of the

---

[1]The Hon. Mark S. Anderson.

3

required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 416.920(a)(4)(v). If so, benefits are

denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 15) He found that Plaintiff had "severe" impairments, a seizure disorder and hypertension, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 15-16) He judged that Plaintiff's statements regarding the intensity, duration and limiting effects of his symptoms were not entirely credible. (Tr. 18)

The ALJ found that Plaintiff retained the residual functional capacity for light work activity with seizure restrictions. (Tr. 16, 19) He found that Plaintiff was unable to perform any of his past relevant work. Id. The ALJ correctly noted that, if Plaintiff was determined to be unable to perform his past relevant work, the Commissioner was responsible for providing evidence to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 14) Based on the testimony of a vocational expert witness in response to a series of hypothetical questions, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, housekeeper, bench worker, racker,[2] bender or checker. (Tr. 19-20)  Consequently, the ALJ concluded that Plaintiff was not

---

[2]This perhaps should read "wrapper."  (Tr. 254)

5

disabled.  (Tr. 20)

Plaintiff contends that the hypothetical question upon which the ALJ relied was fatally flawed because it did not include the side effect of his phenobarbital, drowsiness.  (Br. 11-12)  A hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies.  England v. Astrue, F.3d 1017, 1023 (8th Cir. 2007); Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006); Pickney v. Chater, 96 F.3d 294, 297 (8th Cir. 1996).  A doctor's record dated February 9, 2005, noted that Plaintiff did not take his phenobarbital as directed on the weekend because he worked at night, and if he took it in the evening he could not work because of drowsiness and decreased energy.[3]  (Tr. 199)  A note the following month indicated that he worked Friday, Saturday and Sunday, and skipped the drug because of drowsiness.  (Tr. 198)  Medical records from September, 2005, reflect that Plaintiff was working as a bouncer in a nightclub.  (Tr. 211)  A December 8, 2004, office note indicated that the phenobarbital controlled his seizures, but made him drowsy for two hours after each dose.  (Tr. 218)  It would seem to be a reasonable accommodation to night work to take the phenobarbital at least two hours before going to work.  There is no indication in the medical record that Plaintiff was so bothered by the side effect of drowsiness that he sought a change of medication or alternative treatment with fewer side effects.  See Chamberlain v.

---

[3]He worked as a bouncer in a nightclub.  (Tr. 211)  He also drank "about a six pack" of beer every day.  Id.

6

Shalala, 47 F.3d 1489, 1495 (8th Cir. 1995). The hypothetical question posed to the vocational expert was proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993)(hypothetical may omit evidence not substantially supported by record as a whole); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991)(hypothetical question need only include impairments accepted by ALJ as true).

Plaintiff also contends that the ALJ failed to consider his impairments in combination. (Br. 12) The ALJ discussed Plaintiff's impairments individually (Tr. 15, 16, 17, 18) and in combination (Tr. 14, 16). Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of his impairments, at some length. (Tr. 14, 15, 16, 17, 18, 19, 20) Plaintiff's point is not well taken. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

Finally, Plaintiff contends that the ALJ's credibility analysis was insufficient. (Br. 12-13) The ALJ evaluated Plaintiff's subjective complaints in light of the factors of Polaski v. Heckler,[4] 739 F.2d 1320 (8th Cir. 1984). (Tr. 16)

> Factors relevant to your symptoms, such as pain, which we will consider include:
> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity

---

[4]The ALJ actually cited Social Security Ruling 96-7p and 20 C.F.R. § 416.929 rather than Polaski. (Tr. 16) That Ruling tracks Polaski and 20 C.F.R. § 416.929(c)(3) and elaborates on them.

7

>     of your pain or other symptoms;
>         (iii) Precipitating and aggravating factors;
>         (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>         (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>         (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>         (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3) (2005).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the effectiveness of his seizure medication when taken as directed, the lack of any prescription pain medication, Plaintiff's daily activities, his poor work record, his functional capabilities and the lack of greater restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the

8

evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff underwent a consultative general physical examination in October, 2004. (Tr. 173-79) Examination revealed that he had a full range of motion in the spine and all extremities. (Tr. 176) He was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 177) Gait and coordination were normal. Id. He could stand and walk without assistive device, walk on heels and toes and squat and arise from a squatting position. Id. Circulation was normal. (Tr. 178) The doctor observed no limitations. (Tr. 179)

Plaintiff testified that he had not worked since 2000. (Tr. 233) He stopped working in 2000 because he went to jail. Id. He twice served time in the Arkansas Department of Correction. (Tr. 233-35) Medical records from 2005 indicate that Plaintiff was working, as a bouncer in a nightclub. (Tr. 198, 199, 211) Plaintiff testified that he had virtually no problems with seizures if he took his medication as prescribed. (Tr. 232-33) The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to

9

deference as long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___7___ day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE